IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

KIM M. SARENSON,
25 Elm Drive
Cranston, RI 02920,

Plaintiff,

v.

ELI LILLY AND COMPANY,
Lilly Corporate Center
Indianapolis, IN 46285,

Defendant.

CIVIL ACTION No.
JUDGE:

**NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §1446, defendant Eli Lilly and Company ("Lilly") files this Notice of Removal and states:

1. Lilly is the defendant in an action commenced against it by the plaintiff, Kim Sarenson, pending in Superior Court for the District of Columbia, captioned Kim M. Sarenson v. Eli Lilly and Company, Civil Action No. 04-0008834 (the "Superior Court action"). True copies of all process, pleadings, and orders served on Lilly in the Superior Court action are attached hereto as Exhibit A and specifically incorporated herein.

2. In her Complaint, Plaintiff Kim Sarenson alleges that she is a resident of Rhode Island. Defendant Lilly is a corporation organized under the laws of the State of Indiana with a principal place of business in Indianapolis, Indiana. There is, therefore, complete diversity of citizenship.

3. The Plaintiff claims damages in excess of $75,000. Accordingly, the matter in controversy in the state action exceeds the sum or value of $75,000, exclusive of interest and costs.

4. Lilly was served with a summons and a copy of plaintiff's Complaint and Demand for Jury Trial on November 22, 2004. Consequently, this notice is timely under 28 U.S.C. §1446(b).

5. This action is one of which this Court has jurisdiction pursuant to 28 U.S.C. §1332 and that may be removed to this Court by Lilly.

ELI LILLY AND COMPANY
By its attorneys:

L.H. Martin

Lawrence H. Martin, D.C. Bar # 476639
FOLEY HOAG LLP
1875 K Street, NW, Suite 800
Washington, D.C. 20006-1238
(202) 223-1200

and

James J. Dillon
FOLEY HOAG LLP
155 Seaport Boulevard
Boston, MA 02110-2600
(617) 832-1000

Dated: December 8, 2004

**CERTIFICATE OF SERVICE**

I, Lawrence H. Martin, certify that a true copy of the foregoing Notice of Removal was served on December 8, 2004 by U.S. First Class Mail, postage prepaid to Aaron M. Levine, Aaron M. Levine and Associates, 1320 19th Street, NW, Suite 500, Washington, D.C., 20036.

[signature]
Lawrence H. Martin

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KIM M. SARENSON,<br>Plaintiff,<br>v.<br>ELI LILLY AND COMPANY,<br>Defendant. | CIVIL ACTION No.<br>JUDGE: |

**NOTICE OF FILING CERTIFIED COPIES OF STATE COURT PAPERS**

Pursuant to 28 U.S.C. § 1446, defendant hereby files certified copies of all records and proceedings in the superior court action (Superior Court for the District of Columbia Civil Action No. 04-0008834).

ELI LILLY AND COMPANY
By its attorneys:

[signature]

Lawrence H. Martin, D.C. Bar # 476639
Foley Hoag LLP
1875 K Street, NW, Suite 800
Washington, D.C. 20006-1238
(202) 223-1200

and

James J. Dillon
Foley Hoag LLP
155 Seaport Boulevard
World Trade Center West
Boston, MA 02210-2600
(617) 832-1000

Dated: December 8, 2004

FHBOSTON/1139003.1

**CERTIFICATE OF SERVICE**

I certify that a true copy of the Notice of Filing Certified State Court Papers was served on December 8, 2004 by U.S. First Class Mail, postage prepaid, to Aaron M. Levine, Aaron M. Levine & Associates, P.A., 1320 Nineteenth Street, N.W., Suite 500, Washington, D.C. 20036.

L. Martin

Lawrence H. Martin

Case 1:04-cv-02119-JDB Document 1-2 Filed 12/08/2004 Page 3 of 11

FILED
CIVIL ACTIONS BRANCH
NOV 1 7 2004
Superior Court
of the District of Columbia
Washington, D.C.

**SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA**
**Civil Division**

**KIM M. SARENSON**
**25 Elm Drive**
**Cranston, RI 02920**

**Plaintiff,**

**v.** **Civil Action No.** 04-008834

**ELI LILLY AND COMPANY**
**Lilly Corporate Center**
**Indianapolis, IN 46285**
**w/s/o NATIONAL REGISTERED AGENTS, INC.**
**1090 Vermont Avenue, NW, #910**
**Washington, DC 20005**

**Defendant.**

**COMPLAINT**
**(DES Litigation – Products Liability, Punitive Damages)**

1. Jurisdiction is founded upon 11 D.C. Code §921 (1981 ed.).

2. Defendant is engaged, or has been engaged, in the manufacturing, marketing, sale, promotion, and distribution of pharmaceuticals throughout the United States, and is doing business in the District of Columbia. The Defendant met with and conspired with numerous pharmaceutical manufacturers in the District of Columbia, prior to obtaining governmental approval for Diethylstilbestrol ("DES"). Defendant spearheaded industry-wide conferences in the District of Columbia to seek approval of DES by Joint Submission, withholding from the Food and Drug Administration reports questioning the efficacy of DES and studies raising serious questions of safety. These meetings, conferences and agreements occurred in the District of Columbia.

**COUNT I**
**(Negligence)**

3. On or about 1966 and 1967, during her pregnancy with Plaintiff Kim Sarenson, the mother of the Plaintiff herein, bought and ingested DES in Rhode Island. Her physician

prescribed said drug during the pregnancy. The drug was manufactured and sold by Defendant Eli Lilly and Company.

4. As a result of Plaintiff's embryonic exposure to DES, she suffered injuries, including, but not limited to, one ectopic pregnancy, with resulting infertility, incurred medical expenses for care and treatment, suffered physical and mental pain, and was deprived of the family she desired.

5. Said injuries were the result of the negligence of Defendant, including, but not limited to, failure to test, failure to warn, over-promotion of DES, and failure to heed and report adverse studies regarding the safety and efficacy of DES.

**COUNT II**
**(Strict Liability)**

6. All of the allegations contained in Count I are realleged and incorporated herein by reference.

7. DES is, and at all times relevant to this action was, an unreasonably dangerous and defective drug when used by pregnant women for its advertised and intended purpose as a preventative of miscarriage.

8. Defendant is engaged, or has been engaged, in the business of producing DES, and is, or has been, a commercial manufacturer of said drug.

9. Plaintiff's mother purchased and ingested DES during her pregnancy with Plaintiff, and received and ingested DES in the same form and condition as when it left Defendant's possession.

10. Said product was defective when placed on the market by Defendant. DES was sold by Defendant without sufficient warning or instructions. A reasonable seller would not have sold the product had he/she known of the risks involved. The risks were greater than a reasonable buyer would expect.

11. Defendant knew, or should have known, that pregnant women and their attending physicians could not realize and could not detect the dangerous and harmful nature of DES. Clear warnings as to the doubtful efficacy of DES and dangers to unborn children should have been disseminated to overcome Defendant's extensive advertising campaigns proclaiming the safety and efficacy of DES.

12. As a result of Defendant's marketing and promotion of said defective and unreasonably dangerous drug, Plaintiff was exposed to DES as an unborn child and has suffered injury, loss, and damages as aforesaid.

13. By reason of having marketed and promoted DES in its defective and unreasonably dangerous condition, Defendant is strictly liable to Plaintiff for her DES-related injuries, losses, and damages.

**COUNT III**
**(Breach of Warranty)**

14. All of the allegations contained in Counts I and II are realleged and incorporated herein by reference.

15. At all times relevant to this action, Defendant marketed and promoted DES accompanied by implied and express warranties and representations to physicians and their

patients that the drug was efficacious as a miscarriage preventative, and was safe for pregnant women and their unborn children if used as directed for such purposes.

16. Defendant knew, or should have known, that pregnant women, including the mother of Plaintiff and her attending physicians, were relying on Defendant's skills and judgments, and the implied and express warranties and representations.

17. At all times relevant to this action, these implied and express warranties and representatives were false, misleading, and unfounded. In fact, DES was a misbranded drug in violation of federal law, and was neither safe nor efficacious as a miscarriage preventative.

18. As a direct result of the breach of warranties by the Defendant, Plaintiff has been injured as aforesaid.

**COUNT IV**
**(Misrepresentation)**

19. All of the allegations contained in Counts I, II, and III are realleged and incorporated herein by reference.

20. Defendant represented to pregnant women, including the mother of Plaintiff and her attending physicians, in promotion campaigns, advertisements, labeling, and literature that DES was safe, effective, and adequately tested, which representations were made and publicized with the purpose and intent of having physicians and their patients rely on them.

21. The mother of the Plaintiff and her attending physicians did, in fact, rely on Defendant's representations in his advice about purchase, use, and consumption of DES.

22. At all times relevant to this action, these representations were known to Defendant to be false or they were made by Defendant in conscious, reckless and/or

unreasonable disregard of facts available to Defendant, indicating a lack of efficacy and a danger to pregnant women and their unborn children.

23. As a direct result of said false representations by Defendant, Plaintiff was injured as aforesaid.

**COUNT V**
**(Punitive Damages)**

24. The acts of the Defendant were gross, wanton and intentional in that Defendant, at the time of Plaintiff's exposure, had actual and constructive notice that DES crossed the placental barrier and adversely affected and stunted the morphology and embryologic development of the exposed female fetus. Additionally, the Defendant knew or should have known that DES was ineffective, of no use and provided no benefit to the pregnant mother. Nonetheless, the Defendant knowingly and intentionally promoted DES for use in pregnancy as safe and effective to prevent the threat of miscarriage disregarding the published literature that warned of the risks and criticized its efficacy. The Defendant intentionally, maliciously and wantonly promoted DES for use in maintaining pregnancy as the most "effective" therapy to prevent miscarriage and even recommended its use prophylactively even where no symptoms or signs of a threatened miscarriage appeared. Additionally, the Defendant fraudulently deceived the Food and Drug Administration and the obstetrical profession and Plaintiff by knowingly and intentionally withholding adverse literature and studies and submitting only favorable reports, which it knew originated in erroneous studies with incompetent investigators using poorly designed test methods.

**WHEREFORE**, Plaintiff Kim Sarenson demands judgment against Defendant in the sum of Two Million Dollars ($2,000,000.00), as compensatory damages and the sum of Two Million Dollars ($2,000,000.00) as punitive damages, jointly and severally, plus costs.

Respectfully submitted,

AARON M. LEVINE & ASSOCIATES

Aaron M. Levine, #7864
1320 19th Street, N.W., Suite 500
Washington, D.C. 20036
(202) 833-8040

Brandon J. Levine, #412130

Renee L. Robinson-Meyer, #455375

Steven J. Lewis, #472564

Counsel for Plaintiff

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury as to all issues of material facts.

Aaron M. Levine

A TRUE COPY
TEST: DEC 0 7 2004
Clerk, Superior Court of
the District of Columbia
By
Deputy Clerk

**SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA**
**Civil Division**

FILED
RECEIVED BY MAIL
DEC 01 2004
Superior Court
of the District of Columbia
Washington, D.C.

**KIM M SARENSON** ]
]
**Plaintiff,** ]
]
**v.** ] **Civil Action No.: 04CA008834**
] **Calendar #6**
**ELI LILLY & COMPANY** ] **Judge Geoffrey Alpin**
]
**Defendant.** ]

**PLAINTIFF'S PROOF OF SERVICE**

I, BRANDON J. LEVINE, being duly sworn deposes and states:

1. That I am attorney of record for the Plaintiff, Kim Sarenson, in the above cause.

2. That on November 8, 2004, I personally caused to be mailed, certified mail, return receipt requested, the Complaint, Summons, and Initial Order to Eli Lilly and Company, Defendant in this action. That on November 17, 2004 said Complaint, Summons, and Initial Order, was served on the Defendant, as shown by the return receipt, attached hereto.

I declare under the penalty of perjury that the foregoing is true and correct.

AARON M. LEVINE & ASSOCIATES

BRANDON J. LEVINE #412130
1320 19th Street, N.W.
Suite 500
Washington, D.C. 20036
202/833 – 8040

Counsel for Plaintiff

Sworn to before me, this 29th day of November, 2004

Notary Public

Commission Expires:

Charles Rosenberg
Notary Public, District of Columbia
My Commission Expires [illegible]

CA Form 1

# Superior Court of the District of Columbia
CIVIL DIVISION
500 Indiana Avenue, N.W., Room JM170
Washington, D.C. 20001 Telephone: 879-1133

04-0008834

KIM M. SARENSON

*Plaintiff*

vs.

Civil Action No.

ELI LILLY AND COMPANY

*Defendant*

## SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon your exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government you have 60 days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear **below.** If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Room JM 170 at 500 Indiana Avenue. N.W. between 9:00 am. and 4:00 pm., Mondays through Fridays or between 9:00 am. and 12:00 Noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

*Clerk of the Court*

Aaron M. Levine
Name of Plaintiff's Attorney

1320 19th St., NW, Suite 500
Address
Washington, DC 20036

(202) 833-8040
Telephone

By [signature]
Deputy Clerk

Date 11/17/04

PUEDE OBTENERSE COPIAS DE ESTE FORMULARIO EN ESPANOL EN EL TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA, 500 INDIANA AVENUE, N.W., SALA JM 170

YOU MAY OBTAIN A COPY OF THIS FORM IN SPANISH AT THE SUPERIOR COURT OF D.C., 500 INDIANA AVENUE, N.W., ROOM JM 170

Form CV(6)-456/Mar. 91

NOTE: SEE IMPORTANT INFORMATION ON BACK OF THIS FORM.

A TRUE COPY
TEST: DEC 0 7 2004
Clerk, Superior Court of
the District of Columbia
By ________ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

KIM M. SARENSON,
25 Elm Drive
Cranston, RI 02920,

Plaintiff,

v.

ELI LILLY AND COMPANY,
Lilly Corporate Center
Indianapolis, IN 46285,

Defendant.

CIVIL ACTION No.
JUDGE:

**DEFENDANT ELI LILLY AND COMPANY'S**
**ANSWER TO THE COMPLAINT**

Defendant Eli Lilly and Company ("Lilly"), by its undersigned attorneys, answers the Complaint filed in this action as follows:

**FIRST DEFENSE**

Answers to each paragraph of the Complaint by Lilly are made without waiving, but expressly reserving, all rights that Lilly may have to seek relief by appropriate motions directed to the allegations of the Complaint.

1. Whether jurisdiction exists in this court pursuant to 11 D.C. Code § 921 is a legal question to which no response is required. To the extent a response is required, however, Lilly denies the allegations contained in Paragraph 1 of the Complaint.

2. In response to the allegations contained in Paragraph 2 of the Complaint, Lilly states that it did sell and distribute diethylstilbestrol in the District of Columbia. Lilly responds that the term "DES" includes many drug products including but not limited to diethylstilbestrol, and any admissions in this Answer are intended to refer only to diethylstilbestrol as it relates to Lilly.

Lilly also states that it is doing business in the District of Columbia, that the U.S. Food and Drug Administration ("FDA") is headquartered in the District of Columbia, and that the FDA approved Lilly's sales of diethylstilbestrol and declared that the drug was generally recognized as safe by experts in the field for the uses at issue here. Except as already stated, Lilly denies the allegations contained in Paragraph 2 of the Complaint.

**COUNT I**
**(Negligence)**

3. Lilly is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first two sentences of Paragraph 3. Lilly states that following FDA approval of its Supplemental New Drug Application in 1947, Lilly manufactured and sold certain dosages of diethylstilbestrol. Except as already stated, Lilly denies the allegations contained in Paragraph 3 of the Complaint.

4. Lilly denies the allegations contained in Paragraph 4 of the Complaint.

5. Lilly denies the allegations contained in Paragraph 5 of the Complaint.

**COUNT II**
**(Strict Liability)**

6. Lilly repeats and realleges its answers contained in Paragraphs 1 through 5 above.

7. Lilly denies the allegations contained in Paragraph 7 of the Complaint.

8. In response to the allegations contained in Paragraph 8 of the Complaint, Lilly states that following FDA approval of its Supplemental New Drug Application in 1947, Lilly manufactured and sold certain dosages of diethylstilbestrol. Except as already stated, Lilly denies the allegations contained in Paragraph 8 of the Complaint.

9. Lilly is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9. To the extent a response is required, however, Lilly denies the allegations contained in Paragraph 9 of the Complaint.

10. Lilly denies the allegations contained in Paragraph 10 of the Complaint.

11. Lilly denies the allegations contained in Paragraph 11 of the Complaint.

12. Lilly denies the allegations contained in Paragraph 12 of the Complaint.

13. Lilly denies the allegations contained in Paragraph 13 of the Complaint.

**COUNT III**
**(Breach of Warranty)**

14. Lilly repeats and realleges its answers contained in Paragraphs 1 through 13 above.

15. Lilly denies the allegations contained in Paragraph 15 as stated, but admits that following FDA approval of its Supplemental New Drug Application in 1947, Lilly manufactured and sold certain dosages of diethylstilbestrol for treatment of certain accidents of pregnancy as referenced in its product literature.

16. Lilly denies the allegations contained in Paragraph 16 of the Complaint.

17. Lilly denies the allegations contained in Paragraph 17 of the Complaint.

18. Lilly denies the allegations contained in Paragraph 18 of the Complaint.

**COUNT IV**
**(Misrepresentation)**

19. Lilly repeats and realleges its answers contained in Paragraphs 1 through 18 above.

20. Lilly denies the allegations contained in Paragraph 20 as stated, but admits that following FDA approval of its Supplemental New Drug Application in 1947, Lilly manufactured and sold certain dosages of diethylstilbestrol for treatment of certain accidents of pregnancy as referenced in its product literature.

21. Lilly denies the allegations contained in Paragraph 21 of the Complaint.

22. Lilly denies the allegations contained in Paragraph 22 of the Complaint.

23. Lilly denies the allegations contained in Paragraph 23 of the Complaint.

**COUNT V**
**(Punitive Damages)**

24. Lilly denies the allegations contained in Paragraph 24 of the Complaint.

**SECOND DEFENSE**

The Complaint fails to state a claim upon which relief can be granted against Lilly.

**THIRD DEFENSE**

The Plaintiff's Claims are barred by the applicable statute of limitations or laches.

**FOURTH DEFENSE**

If Plaintiff sustained injuries or incurred expenses as alleged, the risks complained of by Plaintiff were not discoverable using prevailing research and scientific techniques under the then-existing state of the art and were not discoverable using procedures required by federal and state regulatory authorities charged with supervision or licensing of the product as of the time Lilly sold or otherwise parted with possession and control of the product in question.

**FIFTH DEFENSE**

If Plaintiff sustained injuries or incurred expenses as alleged, Plaintiff's claims may be barred by virtue of the intervention of a learned intermediary or intermediaries to whom defendant discharged any duty to warn.

**SIXTH DEFENSE**

This court lacks personal jurisdiction over defendant.

**SEVENTH DEFENSE**

Venue is improper in this judicial district.

**EIGHTH DEFENSE**

Plaintiff's claims are barred and preempted by Lilly's compliance with the Federal Food, Drug, and Cosmetic Act, 21 U.S.C. §§ 301 et seq. and/or the regulations promulgated pursuant to that Act.

**NINTH DEFENSE**

Lilly hereby gives notice that it intends to rely upon other and further defenses as may become available or apparent during discovery proceedings in this case and hereby reserves the right to amend its Answer to assert any such defense.

**DEMAND FOR JURY TRIAL**

The answering defendant requests a trial by jury.

ELI LILLY AND COMPANY
By its attorneys:

Lawrence H. Martin, D.C. Bar # 476639
FOLEY HOAG LLP
1875 K Street, NW, Suite 800
Washington, D.C. 20006-1238
(202) 223-1200

and

James J. Dillon
FOLEY HOAG LLP
155 Seaport Boulevard
Boston, MA 02110-2600
(617) 832-1000

Dated: December 8, 2004

**CERTIFICATE OF SERVICE**

I, Lawrence H. Martin, certify that a true copy of Lilly's Answer to the Complaint was served on December 8, 2004 by U.S. First Class Mail, postage prepaid to Aaron M. Levine, Aaron M. Levine and Associates, 1320 19th Street, NW, Suite 500, Washington, D.C., 20036.

Lawrence H. Martin

***UNITED STATES DISTRICT COURT***
***FOR THE DISTRICT OF COLUMBIA***

KIM M. SARENSON
____________________, )
)
Plaintiff(s), )
)
vs. ) Case No. 04-2119
ELI LILLY AND COMPANY )
____________________, )
)
Defendant(s). )

## NOTICE REGARDING SUPERIOR COURT FILE

The original file, certified copy of transfer order, and docket sheet received from the Superior Court for the District of Columbia is in paper form only and is being maintained in the in the Clerk's office. The Superior Court Case Number is 04ca8834. These documents will be available for public viewing and copying between the hours of 9:00 a.m. to 4:00 p.m., Monday through Friday.

NANCY MAYER-WHITTINGTON, CLERK

Date: January 28, 2005

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **KIM M. SARENSON**<br>**Plaintiffs,**<br>**v.**<br>**ELI LILLY AND COMPANY**<br>**Defendants.** | **Civil Action No. 04-2119 (JDB)** |

**ORDER FOR INITIAL SCHEDULING CONFERENCE**

It is hereby ORDERED that the initial scheduling conference in this matter is hereby set for March 7, 2005 at 9:00 a.m. Counsel who attend the scheduling conference must be sufficiently familiar with the case to answer any questions that arise. Parties are welcome to attend.

Counsel shall confer in accordance with Rule 16.3(a) of the Local Civil Rules and Fed. R. Civ. P. 26(f), and shall submit their Joint Rule 16.3 Report addressing the topics listed in Local Civil Rule 16.3(c) no later than 14 days following their conference (see Local Civil Rule 16.3(d)), and in no event less than three business days before the initial scheduling conference. Counsel may also include in their Joint Rule 16.3 Report a brief statement of the case and any statutory basis for all causes of action and defenses.

Written communication with the Court is to be by motion, opposition, and reply, rather than letter. See Local Civil Rule 5.1(b). The parties are directed to the requirements of Local Civil Rule 7.1(c) regarding the submission of proposed orders with all motions and oppositions

and to the requirements of Local Civil Rule 7.1(m) regarding the duty to confer on all nondispositive motions (including those for enlargements of time).

/s/ John D. Bates
JOHN D. BATES
United States District Judge

Dated: February 9, 2005

Copies to:

Aaron M. Levine
Brandon J. Levine
Renee Lynne Robinson-Meyer
Steven Jay Lewis
AARON M. LEVINE & ASSOCIATES, P.A.
1320 19th Street, NW
Suite 500
Washington, DC 20036
(202) 833-8040
Fax : (202) 833-8046
Email: aaronlevinelaw@aol.com
*Counsel for plaintiff*

Lawrence Hedrick Martin
FOLEY HOAG LLP
1875 K Street, NW
Suite 800
Washington, DC 20006
(202) 223-1200
Fax : (202) 785-6687
Email: lmartin@foleyhoag.com
*Counsel for defendant*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **KIM M. SARENSON,** | ] | |
| | ] | |
| **Plaintiff,** | ] | |
| | ] | |
| **v.** | ] | **Civil Action No.: 04-cv-2119 (JDB)** |
| | ] | **Next Event: Initial Scheduling Conference** |
| **ELI LILLY AND COMPANY,** | ] | **on March 7, 2005 at 9:00 a.m.** |
| | ] | |
| **Defendant.** | ] | |

**JOINT RULE 16.3 REPORT**

Pursuant to Local Rule 16.3 and Fed. R. Civ. P. 26(f), the attorneys for plaintiff and defendant conferred up to and including February 14, 2005, and hereby submit the following succinct statement of all agreements reached and positions taken by the parties on matters about which there was a disagreement:

TOPIC NO. 1: Whether the case is likely to be disposed of by dispositive motion; and whether, if a dispositive motion has already been filed, the parties should recommend to the Court that discovery or other matters should await a decision on the motion.

POSITION OF PARTIES: It is too early to evaluate the likelihood that Defendant will bring dispositive motions as the parties have not yet engaged in any substantial discovery.

TOPIC NO. 2: (a) The date by which any other parties shall be joined or the pleadings amended; and (b) whether some or all of the factual and legal issues can be agreed upon or narrowed.

POSITION OF PARTIES: (a) At the present time, none of the parties plan to join additional parties or amend the pleadings. The parties acknowledge that once discovery has begun, there may then be a need to join other parties or to amend the pleadings; (b) the parties agree that there are not yet any factual or legal issues that can be agreed upon or narrowed.

TOPIC NO. 3: Whether this case should be assigned to a magistrate judge for all purposes, including trial.

POSITION OF PARTIES: Plaintiff consents to having the case assigned to a magistrate

judge. Defendant does not consent to having the case assigned to a magistrate judge at this time.

TOPIC NO. 4: Whether there is a realistic possibility of settling the case.

POSITION OF PARTIES: While the parties are not aware of any information that would preclude a realistic possibility of settling the case, the parties also note that a prediction on the likelihood of settlement is somewhat premature as the parties have not yet engaged in any substantial discovery.

TOPIC NO. 5: Whether the case could benefit from the Court's alternative dispute resolution ("ADR") procedures or some other form of alternative dispute resolution, and, if so, which procedure should be used and whether discovery should be stayed or limited pending completion of ADR.

POSITION OF PARTIES: The parties propose to have this case referred to Magistrate Judge Alan Kay for mediation after the completion of discovery.

TOPIC NO. 6: Whether the case can be resolved by summary judgement or motion to dismiss; the dates for filing the dispositive motions and/or cross-motions, oppositions, and replies; and proposed dates for a decision of the motions.

POSITION OF PARTIES: Depending on the information that Defendant learns during discovery, Defendant may file motions for summary judgement or motions to dismiss. The parties have proposed various deadlines under Topic No. 8.

TOPIC NO. 7: Whether the parties should stipulate to dispense with the initial disclosures required by Rule 26(a)(1), Fed. R. Civ. P., and, if not, what, if any, changes should be made in the scope, form, or timing of those disclosures.

POSITION OF PARTIES: The parties agree and request the Court to dispose of the 26(a)(1) initial disclosures. The parties also agree that if plaintiff requests an extension of time to respond to defendant's discovery requests, plaintiff shall at least produce the following by the original deadline for responding to the discovery requests: (a) all medical records in her possession (or the possession of her attorneys); (b) authorizations to obtain medical records; (c) the identity and address

of all known medical providers who have treated plaintiff and/or her mother; (d) the identity and address of the pharmacy, physician and/or hospital dispensing the DES at issue in this lawsuit; and (e) all documents and/or tangible objects in the possession of plaintiff and/or her attorneys regarding the identity of the manufacturer of the DES at issue in this lawsuit.

Defendant agrees that, within a week of the time that defendant obtains any medical records (other than medical records received directly from plaintiff), defendant shall send a copy of all such medical records to plaintiff's counsel.

TOPIC NO. 8: The anticipated extent of discovery, how long discovery should take, what limits should be placed on discovery; whether a protective order is appropriate; and a date for the completion of all discovery, including answers to interrogatories, document production, requests for admissions, and depositions.

POSITION OF PARTIES: The parties agree that, pursuant to Fed. Rule 33, each party is limited to 25 interrogatories. The parties agree that the number of non-expert deposition should be limited to the following, whichever is greater: (a) 10 non-expert depositions or (b) the depositions of Plaintiff, any present or former husband of plaintiff, her mother, and her father, as well as the depositions of any relevant medical providers or pharmacists. The parties agree that the duration of each deposition shall be limited to one (1) day or seven (7) hours, whichever is greater.

The parties suggest the following schedule:

June 6, 2005: Deadline for serving discovery requests.

July 6, 2005: Deadline for plaintiff to designate experts and provide expert reports, pursuant to Rule 26(a)(2).

August 5, 2005: Deadline for defendant to designate experts and provide expert reports, pursuant to Rule 26(a)(2).

October 4, 2005: All Discovery Closed. The parties agree that experts may be deposed until the closed of discovery.

November 3, 2005: Deadline for filing Dispositive Motions.

January 2006: Pre-Trial Conference.

The parties' Proposed Scheduling Order attached hereto as Appendix No. 1.

TOPIC NO. 9: Whether the requirement of exchange of expert witness reports and information pursuant to Rule 26(a)(2), Fed. R. Civ. P., shall be modified and whether and when depositions of experts should occur.

POSITION OF PARTIES: The parties agree to make all expert witnesses available for deposition. Prior to the depositions, the parties agree to exchange expert reports pursuant to Rule 26(a)(2), except that the parties agree to dispense with the requirement of Rule 26(a)(2)(B) of a list of cases in which the witness has testified as an expert at trial or by deposition within the preceding four years. However, the parties may inquire into the topic of prior cases at the time of the deposition.

TOPIC NO. 10: In class actions, appropriate procedures for dealing with Rule 23 proceedings, including the need for discovery and the timing thereof, dates for filing a Rule 23 motion, and opposition and reply, and for oral argument and/or an evidentiary hearing on the motion and a proposed date for decision.

POSITION OF PARTIES: Not applicable.

TOPIC NO. 11: Whether the trial and/or discovery should be bifurcated or managed in phases, and a specific proposal for such bifurcation.

POSITION OF PARTIES: The parties agree that it is too early to determine whether the trial of this case should be bifurcated or managed in phases.

TOPIC NO. 12: The date for the pretrial conference (understanding that a trial will take place 30 to 60 days thereafter).

POSITION OF PARTIES: The parties request a pretrial conference in January 2006.

TOPIC NO. 13: Whether the Court should set a firm trial date at the first scheduling conference or should provide that a trial date will be set at the pretrial conference from 30 to 60 days after that conference.

POSITION OF PARTIES: The parties prefer that a firm trial date be set at the first scheduling conference.

TOPIC NO. 14: Such other matters that the parties believe may be appropriate for inclusion in a scheduling order.

POSITION OF PARTIES: The parties have no other matters that they believe need to be included in the scheduling order at this time.

STATEMENT OF THE CASE:

A. Plaintiff's:

This is a products liability/personal injury case arising from Plaintiff's *in utero* exposure to diethylstilbestrol ("DES"), a synthetic estrogen which was manufactured, marketed, sold, promoted and distributed by the Defendant in 1966-1967 to the plaintiff's mother for the purpose of preventing miscarriage.

Plaintiff claims that as a result of her in utero exposure to DES, she has suffered injuries, including but not limited to, uterine and cervical malformations, with resultant pregnancy loss, infertility and concomitant medical and surgical expenses for care and treatment, and that the Defendant is liable for said injuries based on negligence, strict liability, breach of warranty, and misrepresentation.

B. Defendant's:

Defendant Eli Lilly and Company ("Lilly") generally denies that it is liable to the Plaintiff

under any of the Plaintiff's causes of action. While discovery has not yet commenced, Lilly believes that the Plaintiff will be unable to come forward with evidence sufficient to meet her burden of persuasion that she was exposed *in utero* to DES in the first place, that any such DES was manufactured or produced by Lilly, that any such DES caused the injuries of which the Plaintiff complains, and that Lilly breached any duties owed to the Plaintiff, breached any warranties, or made any material misrepresentations. Lilly has also asserted several affirmative defenses, including that the Plaintiff's claims may be barred by the applicable statute of limitations or laches, and by the learned intermediary doctrine.

<u>STATUTORY BASIS FOR ALL CAUSES OF ACTION AND DEFENSES</u>:

A. <u>Plaintiff's</u>:

The statutory basis for the Plaintiff's causes of action is 28 U.S.C. §1332(a) (diversity).

B. <u>Defendant's</u>:

Affirmative defenses asserted by the Defendant with a statutory basis are that the Plaintiff's claims may be barred by the statute of limitations.

Respectfully submitted,

AARON M. LEVINE & ASSOCIATES

/s/ Aaron M. Levine
AARON M. LEVINE, #7864
1320 19th Street, N.W.
Suite 500
Washington, DC 20036
202/833-8040

Counsel for Plaintiff

FOLEY HOAG LLP

/s/ James J. Dillon (by permission-rm)
James J. Dillon, #485593
155 Seaport Boulevard
Boston, MA 02210-2600
(617) 832-1000

and

Lawrence H. Martin, Esq.
FOLEY HOAG LLP
1875 K Street, N.W., Suite 800
Washington, D.C. 20006
(202) 223-1200

Counsel for Defendant Eli Lilly and Company

Dated: February 22, 2005

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **KIM M. SARENSON**<br>**Plaintiff,**<br>**v.**<br>**ELI LILY AND COMPANY**<br>**Defendant.** | **Civil Action No. 04-2119 (JDB)** |

**INITIAL SCHEDULING ORDER**

Pursuant to the conference with the Court on March 7, 2005, and the Joint Rule 16.3 Report, it is hereby ORDERED as follows:

1. Plaintiff shall designate any experts and provide expert reports pursuant to Fed.R.Civ.P. 26(a)(2) by not later than July 6, 2005. Defendant shall designate any experts and provide expert reports by not later than August 5, 2005.

1. The parties shall serve discovery requests by not later than June 6, 2005. Discovery shall be concluded by not later than October 4, 2005. Expert witnesses shall be deposed by not later than the close of discovery.

2. Dispositive motions shall be filed by not later than November 3, 2005. Oppositions and replies thereto shall be filed in accordance with the federal and local rules.

3. A status conference is scheduled for October 4, 2005 at 9:15 a.m.

/s/ John D. Bates
JOHN D. BATES
United States District Judge

Dated: March 7, 2005

Copies to:

Aaron M. Levine
Brandon J. Levine
Renee Lynne Robinson-Meyer
Steven Jay Lewis
AARON M. LEVINE & ASSOCIATES, P.A.
1320 19th Street, NW
Suite 500
Washington, DC 20036
(202) 833-8040
Fax : (202) 833-8046
Email: aaronlevinelaw@aol.com
*Counsel for plaintiff*

Lawrence Hedrick Martin
FOLEY HOAG LLP
1875 K Street, NW
Suite 800
Washington, DC 20006
(202) 223-1200
Fax : (202) 785-6687
Email: lmartin@foleyhoag.com
*Counsel for defendant*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **KIM M. SARENSON,** | ] | |
| | ] | |
| **Plaintiff,** | ] | |
| | ] | **Civil Action No.: 04-cv-2119 (JDB)** |
| **v.** | ] | **Next Event: Defendant's 26(a)(2) Due August 5, 2005** |
| | ] | |
| **ELI LILLY AND COMPANY,** | ] | |
| | ] | |
| **Defendant.** | ] | |

**PLAINTIFF'S CONSENT MOTION TO TRANSFER VENUE**

COMES NOW the plaintiff, by and through counsel, and moves, pursuant to 28 U.S.C. § 1404(a), that this Court transfer this action to the United States District Court for the District of Rhode Island, in Providence, Rhode Island, and as grounds therefore states:

1. This is a product liability/personal injury case for injuries sustained by the plaintiff, including, but not limited to, uterine abnormalities as a result of her embryonic exposure to diethylstilbestrol ("DES").

2. Plaintiff is a resident and citizen of the State of Rhode Island, and received all of her medical treatment for DES injuries in Rhode Island. Her family members, employer and treating doctors likewise reside in Rhode Island.

3. This case was originally filed in the Superior Court of the District of Columbia on November 17, 2004, and subsequently removed by the Defendant to this Court on December 8, 2004. To date, only written discovery has taken place in this action.

4. 28 U.S.C. § 1404(a) provides that:

> For the convenience of the parties and witnesses, in the interest of justice, a District Court may transfer any civil action to any other district or division where it might have been brought.

5. The interests of justice would best be served in this case by having this action transferred to the United States District Court for the District of Rhode Island, as discovery efforts, convenience and costs would be best served.

6. This cause has no contacts with the District of Columbia, other than that the Defendant conducts significant business here.

7. Defendant has consented to this motion.

WHEREFORE, Plaintiff respectfully requests that this Court, in accordance with 28 U.S.C. § 1404(a), enter an Order transferring venue to the United States District Court for the District of Rhode Island.

Respectfully submitted,

AARON M. LEVINE & ASSOCIATES

/s/ Aaron M. Levine
Aaron M. Levine, # 7864
1320 19th Street, N.W., Suite 500
Washington, DC 20036
(202) 833-8040

Counsel for Plaintiff

**LOCAL RULE 7.1(m) CERTIFICATION**

Pursuant to Local Rule 7.1(m), Plaintiff certifies that, through her counsel, she conferred with Defendant's counsel to determine whether Defendant opposes the relief requested in this motion. Defendant's counsel consents to the motion.

/s/ Aaron M. Levine

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **KIM M. SARENSON,** | ] | |
| | ] | |
| **Plaintiff,** | ] | |
| | ] | **Civil Action No.: 04-cv-2119 (JDB)** |
| **v.** | ] | **Next Event: Defendant's 26(a)(2) Due** |
| | ] | **August 5, 2005** |
| **ELI LILLY AND COMPANY,** | ] | |
| | ] | |
| **Defendant.** | ] | |

**ORDER**

UPON CONSIDERATION of the Plaintiff's Consent Motion to Transfer Venue and for good cause shown, it is this _____ day of _____________, 2005,

ORDERED, that the Plaintiff's Consent Motion be, and hereby is GRANTED; and it is

FURTHER ORDERED, that this action be transferred to the United States District Court for the District of Rhode Island.

_____________________ _____________________________

DATE U. S. DISTRICT JUDGE